UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLIE JACKSON,

    Plaintiff,

v.                                                    Case No. 3:23cv24733-MCR-HTC

LIEUTENANT DOSEK, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Charlie Jackson, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 relating to an allegedly excessive use of force at Blackwater River Correctional Rehabilitation Facility in violation of the Eighth Amendment. Doc. 4. After reviewing the amended complaint, the undersigned concludes it should be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) due to Plaintiff's abuse of the judicial process in failing to accurately disclose his litigation history.

**I.      Legal Standard**

Because Plaintiff is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his amended complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on

which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.     Failure to Accurately Disclose Litigation History

Section IX of the civil rights complaint form used by Plaintiff,[1] titled "Prior Litigation," asks the following questions: (A) "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service," (B) "Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case," and (C) "Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?"  Doc. 4 at 12-13.

In response to subpart (A), Plaintiff checked the box next to the word "No," indicating he has not had any cases dismissed as being frivolous, malicious, or for failure to state a claim.  Plaintiff's representation, however, is false.  As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete the complaint forms.  Upon such an investigation, the

---

[1] Although Plaintiff used the Court's complaint form for his initial complaint, Doc.1, he did not do so for the amended complaint.  Instead, he attempted to re-create the form on a typewritten document.  In doing so, however, Plaintiff did not copy the form verbatim and left out certain instructions, including the instruction under the "Prior Litigation" section advising Plaintiff that "failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case."  Doc. 1 at 15.  Plaintiff's failure to copy those instructions on the amended complaint does not detract from his obligation to truthfully disclose his litigation history or his knowledge of the consequences of failing to do so.

Case No. 3:23cv24733-MCR-HTC

undersigned takes judicial notice Plaintiff previously filed the case *Jackson v. Colombo, et al.*, M.D. Fla. Case No. 2:18-cv-252, which was dismissed for failure to state a claim. That case bears Plaintiff's name and FDOC inmate number. Plaintiff, however, failed to disclose that case in response to subpart (A). Plaintiff also failed to disclose *Jackson v. Colombo* in response to subpart (C), even though Plaintiff challenged the conditions of his confinement in that case.[2] Namely, he alleged that "officers and judges in Lee County Courts have no jurisdiction over him because he is a living breathing man distinguished from his property and title." Doc. 14, 2:18-cv-252-SPC-MRM (order dismissing action prior to service).

At the end of the amended complaint, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 4 at 13, 15. Plaintiff also executed a verification pursuant to 28 U.S.C. § 1746, stating that he has read the amended complaint and verifies the matters alleged are true and declaring under penalty of perjury that the information in the amended complaint is true and correct. *Id.* at 15. Plaintiff, however, did not truthfully identify his prior federal court case that was dismissed for failure to state a claim.

---

[2] Plaintiff did identify the following cases in response to subpart (C): *Jackson v. State of Florida*, Manatee County Court Case No. 2003-CF-3148 (ineffectiveness of counsel) and *Jackson v. State of Florida*, Lee County Court Case No. 2017-CF-3148 (identified as still pending). Doc. 4 at 13.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Plaintiff made a false representation in his complaint and if he suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Plaintiff's false response to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no

effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 5th day of February, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:23cv24733-MCR-HTC